Lokink, J.,
dissenting:
I think the petitioners show that they are not entitled to maintain this action, because they show that they have not prod.uced to the United States that proof of service upon which they agreed with them the payment should be made,
The contract of parties is the law they have made for themselves, and the court can no more alter that, than they can a statute; their duty is to administer each as it was made. And to recover on a contract the claimant must prove he has performed his part and has done what he agreed should be done before payment, otherwise he does not show that on the contract the defendant is in default, and until the defendant is shown to be in default, no judgment can be rendered against him.
This contract prescribes as follows : “ Payment for her services to be made upon the certificate of an officer of the army, or the affidavit of the master of the boat, explicit to the fact of the boat’s having been kept in perfect running order.”
The language is precise. It calls for a certificate from an officer of the army — or an affidavit&ora the master of the boat, and thus expressly distinguishes between a certificate and an affidavit.
As the payment in the contract is conditioned on the production of *276 tbe evidence specified, the officers of the department could not pay without it, for they had no authority to alter or waive the contract, or dispense with any of its provisions, and to put the United States in default it must be shown that such a demand was made as its officers could comply with, for the United States are not, as individuals are, to go in search of their creditor, but he is to demand payment at the place and of the officer appointed by law.
In this case I think the petitioners show they made a demand with which the officer could not comply, and therefor that they must make another before they can maintain any action.
The petitioners show that when they made their demand for payment they presented the papers set forth in the petition. These are, first, two certificates of an officer of the army, but these only state the time the vessel was in the service, and do not refer in any way to the running order she was kept in; secondly, a paper signed and sworn to by the master of the boat. This states the vessel was kept in perfect running order, but it is not an affidavit, because that means an oath in writing, and an oath must be administered by some one duly authorized, or it is a nullity, and the oath here was administered by a judge advocate, and a judge advocate is not a magistrate, nor has he any authority to administer oaths outside of a court-martial, unless specifically authorized, and no authority is shown or known for his act here.
Now, that the oath is legally a nullity, may he a matter of form, and it certainly does not go to the merits between the parties, but the want of the oath prevents the document presented for the payment from satisfying the contract, and by their plea the defendants say they are not liable on the case shown, and I cannot say that they are, for I cannot say that they are shown to be in default on this contract.
The United States may waive its terms, I cannot.